IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

FEB 1 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| George Thomas, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action: H-04-1488 |
| | § | |
| TPI Staffing, Inc., | § | |
| Defendant. | § | |

## ORDER

Plaintiff George Thomas filed a motion to compel defendant TPI Staffing, Inc. to provide further answers and responses to his interrogatories and requests for production. (Dkt.No. 16). The motion has been referred to this magistrate judge for disposition.

The court first notes that Thomas's motion does not comply with Local Rule 7.1(D) requiring the movant to certify that he has conferred with opposing counsel in an attempt to resolve the matter without court intervention. Because the movant is pro se and the discovery deadline is approaching, the court will nevertheless proceed to consider the motion on its merits. Strict adherence to this rule will be required in the future, however.

Thomas has served 57 numbered interrogatories, which far exceeds the limit of twenty-five (counting sub-parts) which is fixed by Federal Rule of Civil Procedure 33(a) and Local Rule 33.1. Many of the interrogatories include several discrete sub-parts; in fact, Thomas exceeds the permissible number of interrogatories after Interrogatory No. 19. Accordingly, TPI was under no obligation to answer Interrogatory Nos. 20 through 57, and its objection that such interrogatories exceed the permissible limit is sustained.

After reviewing TPI's answers and objections to plaintiff's other interrogatories, the

court finds that TPI has sufficiently responded to each interrogatory, except for Nos. 6, 15, 16, 17, and 18. The educational credentials sought by No. 6 are relevant background information. Interrogatory Nos. 15-18 seek statistical information pertaining to Indian-origin employees terminated by TPI. This information is certainly relevant to Thomas's claim of discriminatory discharge. *See Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 579-80 (1978) ( workforce statistics held probative of intent in disparate treatment hiring case); *Smith v. City of Jackson*, 351 F.3d 183, 193 (5th Cir. 2003) ("[S]tatistical evidence is quite useful in disparate treatment cases"); *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) ( "Statistical evidence can be utilized by an individual disparate treatment plaintiff to help rebut the employer's non-discriminatory explanation"). TPI's objections to those interrogatories are overruled.

With regard to the requests for production, the court finds that TPI's responses were appropriate, and its objections will be sustained.

Accordingly, Thomas's motion to compel is GRANTED IN PART and DENIED IN PART. TPI is ordered to provide full and complete answers to Interrogatory Nos. 5, 15, 16, 17, and 18 within 20 days from the date of this Order. All other requested relief is denied.

The Clerk will enter this Order and notify all parties.

SIGNED on February 1, 2005 at Houston, Texas.

Stephen Wm. Smith
United States Magistrate Judge